United States District Court
District of Connecticut

FILED
OCT 20  3 32 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

Anthony Coleman
    Plaintiff

v.s.

Police officer K. Martin
Police Sergeant H. Even, K.
Martin, H. Evan, Chief Joseph H.
Croughwell, Police Chief Bruce
Marquis, City And Town of Hartford
    Defendant

Civil No:
302:CV965 (JBA)(JGM)

October 12, 2003

Responce To Motion To Withdraw As Counsel/Motion for Relief of Appointment As counsel for The plainTiff.

The Law office of Levy & Droney Have filed Motion. To withdraw As The plaintiff Counsel for no good reason.
Levy & Droney Seek Relief under Local Rules 7(e) and 83.10(d).
Levy & Droney Claims A personal incompatibility and a substantial disagreement on litigation strategy between The attorneys and The plaintiff exists and for other good cause. The plaintiff disagrees.
  First, In All My letters from Levy & Droney its written " If you have Any questions, Please do not hesitate To Contact us.

2

On 9-26-3 I mailed a letter to Droney & Levy asking for a more detailed explanation to why Chief Croughwell was left of the Cause of Action Section. I said I would ask for outside help to explain why. At no time did I instruct the Attys to proceed differently. At no time did I demand the Attys to amend the Complaint to include Chief Croughwell in the Cause of Action. What I did was ask why. Unlike most lay people. I was the one who wrote the original Complaint and the Amended Complaint. I have a working understanding on how to frame a Complaint and it was my hope that the Attys from Levy & Droney would have given me more insight to why the Chief was left out of the Cause of Action. I was suing him for Deliberate indifference for failing to Supervise his officers.

Third, On 10-1-3 I recieved a letter dated 9-30-3 The letter started off with them extending their sympathies to me over the resent death of my father. I will enter this letter as exhibit A
If you will look at page 2 Para 3 Attys DeBassio states If you wish to continue to seek recovery against the former police chief against the advice of counsels in our opinion you would be proceeding with a personal

I was Shocked.

Forth, I responded to exhibit A in a letter dated 10-1-3. The plaint has no copy to provide the Court due to lack of access to a copier.
In the letter I told Atty. DeBassio if he had explained the matter like he did in exhibit A I never would have written the letter dated 9-26-3. In exhibit A he explains with great detail the reasons why Chief Croughwell was not intered in the Cause of Action Section. I was Satisfied with the Answer.
I was not Satisfied with the baseless threats to withdraw as my Counsel. I said in the letter dated 10-1-3, If I'm going to be threaten every time I ask cogent questions then submit your motion to withdraw to Judge Aterton and I will submit my responce.
I thought my responce to exhibit A was proportional. At the end of my letter I said "you blew this way out of proportion.
I did nothing to justify such a harsh responce. They invited me to ask questions and I did. I'm happy with their work on my behalf. I want them to continue representing me. I have no



DAVID A. DeBASSIO
Direct Dial: (860)676-3078
ddebassio@ldlaw.com

Pond View Corporate Center
74 Batterson Park Road
Farmington, CT 06032

P.O. Box 887
Farmington, CT 06034-0887

860.676.3000 P
860.676.3200 F
www.ldlaw.com

September 30, 2003

**PRIVILEGED CORRESPONDENCE**

Mr. Anthony Coleman
Inmate #254858
Enfield Correctional Institution
P.O. Box 1500
Enfield, CT  06083

    Re:    **Coleman v. Martin, et al**

Dear Anthony,

    Let me take this opportunity to extend our sympathies to you for the tragic loss you have recently suffered.

    I have spoken with your fiancée, Beverly, to get the exact information concerning who you were going to visit on the night in question, namely, Beverly's Aunt Essie Smith. We have finalized the Interrogatories and Requests for Production and will be forwarding the same to opposing counsel.  We will forward a final version to you as well.

    Now, concerning other matters, I have read your latest letter discussing former Police Chief Croughwell and would like to take this opportunity to address several of the concerns you have raised.

    First, we explained to you that Judge Arterton directed us to revise and pare down your complaint. We undertook that project with the understanding that we should proceed to revise the complaint and focus our collective efforts in proving the claims that had the best chance of success.  This was at the Judge's insistence that we revised the complaint, and we proceeded to narrow the issues as directed by the Court.

    Second, you are correct in your interpretation of the complaint as drafted.  As we discussed with you on our trip to the prison, as currently drafted, the complaint does focus on municipal liability as concerns former Police Chief Croughwell, rather than individual liability. This was a conscious decision that was undertaken because to establish individual liability on the former police chief's part you would have to allege and prove that the officers' conduct was sufficient and systemic enough to put the police chief on notice that the particular officers were insufficiently trained or supervised. *One incident is not enough to establish this.*  A pattern of misconduct must exist to place the police chief on notice.  We do not think there would be enough information to establish that pattern.  In the alternative, you could undertake to prove that the supervisor was aware of problems in the department and that his failure to correct those problems



Page Two
September 30, 2003

directly led to the harm you suffered. This would involve an extensive review of the department personnel files. In most cases, the department files are going to exonerate the officers in question. Therefore, you would have to prove that the review process itself that was undertaken by the former police chief was at fault.

Municipal liability is going to be difficult to prove as well. We must undertake to show that the harm you suffered was part of a department wide policy. We have to show that the municipality knew or should have known that the officers were proceeding with reckless indifference to your life. This will not be an easy showing as well. You best chance at establishing municipal liability is to show that this was a "custom" of the officers. To establish this, we must undertake to demonstrate that the officers' behavior towards you was, *even if a single incident*, the culmination of long standing practices within the department. This will be extremely difficult to demonstrate, but, as noted above, you can proceed under a municipal liability theory based on a single incident whereas you cannot proceed to establish supervisor liability based on a single incident.

Your strongest case is going to be against the officers themselves. Their actions are the foundation from which this whole case builds. You must establish liability on behalf of the officers to be successful against either the former police chief or the municipality. This may have been an isolated incident on the officers' part. Despite that, if the officers truly believed that you ingested a potentially life threatening narcotic, they displayed a reckless indifference to your safety.

Anthony, former Police Chief Croughwell may have failed in his obligations as a municipal officer in your individual case, but to prove that he failed to supervise these officers and the entire department would be a difficult, if not impossible, task. Our task here as your counsel is to produce the best result for you, and to do that we are proceeding in a manner that provides you with the best chance for recovery. Proceeding against the former police chief does not provide that avenue for recovery, based on all of the information available at this time. If you wish to continue to seek a recovery against the former police chief against the advice of counsel, in our opinion you would be proceeding with a personal vendetta that we do not wish to be a party to.

Your case presents several difficult issues that need to be resolved. For one, the police did physically assault you. However, they are going to claim that the actual incident was a result of a lawful arrest and any physical trauma you suffered is a result of affecting that arrest. This becomes an issue for the jury to decide, based on credibility. Next, the police displayed a reckless indifference to your health and well being when, if

**LEVY & DRONEY P.C.**
LAWYERS   COUNSELORS

Page 3
September 30, 2003

they believed you ingested heroin, they failed to provide you proper medical attention. The problem we face with this is that you did not actually ingest narcotics, therefore, you suffered no actual legal harm based on the reckless indifference. In most cases involving reckless indifference, the plaintiff was in some form of physical distress that the officers were aware of, or should have been aware of. The failure to take action exacerbated the plaintiff's condition. We understand from our meeting that a doctor has diagnosed you with a permanent injury to your shoulder based on the physical trauma you suffered at the hands of the officers. We will wait and review your latest medical results, but absent a documented medically provable harm you suffered, it is going to be difficult to establish that the actions of the officers themselves caused you a legally recognizable harm. Your best shot at recovery is to convince a jury to look at the actions of the individual officers throughout the entire encounter with you, and, based on that behavior award damages. Extending this liability to the municipality and the former police chief will be next to impossible.

    Anthony, we are undertaking your case with your best interests in mind. We will continue to prosecute this action seeking the best result possible for you. This case will take many turns between now and the actual trial. We cannot predict with certainty what will happen, though we can prepare for the possible outcomes. We will not proceed on your behalf with claims that will grind an axe, so to speak, to undertake a personal vendetta. We have an ethical obligation as attorneys to proceed only on matters which are legally sustainable. Our obligation to you and to the judicial system requires that we proceed in such a manner. If you continue to persist in proceeding against the advice of counsel, you may have to proceed without our assistance.

    Take some time to review this and let me know how you wish to proceed.

Sincerely,

David A. DeBassio

DAD/dc

U:\WPC\Lit\Dad\Coleman\Coleman A (Sep 30).doc

Certification

I hereby Certify That This 12th day of October 2003, copy of the forgoing was mailed, via Regular mail To

Levy E. Droney
Atty DeBassio
P.O. Box 887
Farmington CT 06034

Anthony Coleman